### HEWES vs. BARRON.

APPEAL from the court of the first district.

A judge ought not to state what conclusions he draws of the evidence. But if he do, and the verdict appear according to the merits of the case, it will not be remanded,

PORTER, J. delivered the opinion of the court. This is an action to rescind a contract for slaves, on the ground that the mother was afflicted with redhibitory vices. The defect complained of is a swelling or large tumour on the leg.

The petition asserts that in the act of the sale there is the following clause:—" The parties hereby acknowledging that the said slave Philis, has a swelling or tumour in one of her legs, which was occasioned by a rheumatism, for which disease the said purchaser renounces all claims whatever against the vendor or his heirs." But it alleges that this renuncia-

Eastern Dist
*June*, 1828

Hewes|
*vs.*
|Barron.

tion was made in consequence of the fraud practised on the plaintiff by the defendant, in concealing from him the real situation of the slave, and in making him false statements respecting her.

The answer denies generally the allegations in the petition.   A supplemental petition was afterwards filed, charging the defendant with having represented the slave as an excellent cook, washer, and ironer; of a quiet and mild disposition, and perfectly healthy; while each and all of these representations were false. To this petition a general denial was also put in.    The cause was tried by a jury, who found a verdict for the defendant.    A new trial was moved for, and refused; and the plaintiff appealed.

The court charged the jury, that there was no evidence of a concealment of the disease of the slave Phillis on the part of the defendant; that the disease was pointed out by the defendant to the plaintiff at the time of the sale: that the defendant, for aught that appeared in proof, had no other reason for knowing the cause of the disease than the plaintiff: but that, if the jury thought she was sold for a first rate cook, washer, and ironer, and the evidence

proved she was not so, they might reduce the price. The judge closed the charge by instructing the jury they were judges of the fraud alleged.

The plaintiff excepted to the charge, and it is very doubtful to us whether it can be reconciled with the 516th article of the code of practice, which inhibits a judge *from saying any thing about the facts,* but as we have been pressed to decide on the merits, and not remand the case, it is unnecessary to express a decided opinion respecting the question which the exception presents.

But, tho' it may have been incorrect in the Judge to have stated to the jury the conclusion he drew from the evidence, we see no error in those conclusions. A perusal of the evidence induces us to think the view taken by the court below correct; and the finding of the jury under the charge being made on evidence, doubtful, and in some instances contradictory, cannot be disturbed in this court.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.

*Maybin* for the plaintiff—*Waggaman* for the defendant.